■ In the Matter of JAMES E. DOOLAN, Respondent, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SECOND SUPERVISORY DISTRICT OF SUFFOLK COUNTY, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Board of Cooperative Educational Services, Second Supervisory District of Suffolk County, to furnish petitioner with certain statistical information, the appeal is from a judgment of the Supreme Court, Suffolk County, dated December 20, 1977, which granted the petition and directed the board to furnish a study entitled "NIS Salary Study for Administrators". Judgment reversed, on the law, with $50 costs and disbursements, and proceeding dismissed on the merits. Petitioner is the president of the School Administrators Association of New York State, an organization that, *inter alia,* aids school administrators in their negotiations with local school districts. Appellant Board of Cooperative Educational Services (hereafter

BOCES) is a public agency organized pursuant to subdivision 1 of section 1950 of the Education Law "for the purpose of carrying out a program of shared education services" on a co-operative basis. One of the services that BOCES performs is the preparation of an annual report entitled the "Negotiation Information Services Salary Study for Administrators" (hereafter NIS report), a detailed compilation of the salary and fringe benefits of all administrators and teachers encompassed within the BOCES ambit. The report is offered on a "subscription" basis only to the 68 "eligible" school districts in Suffolk County and the cost of preparation is divided equally amongst those school districts electing to "participate" in the "service". With respect to the 1977-1978 NIS report, the preparation cost of $32,400 was divided equally amongst 27 subscribers, resulting in a cost per school district of $1,200. The report has great utility in aiding school district negotiators in the process of collective bargaining with various labor units by providing an over-all perspective of salary, etc., in the county. By letter dated March 3, 1977, petitioner demanded a copy of the NIS report under the New York Freedom of Information Law (Public Officers Law, former § 85 et seq. [L 1974, ch 578, § 2, as amd by L 1974, ch 579, § 1]). Upon rejection of the demand, petitioner commenced the instant article 78 proceeding. Special Term held, inter alia, that the NIS report was a "statistical or factual tabulation" within the meaning of the Freedom of Information Law (Public Officers Law, former § 88, subd 1, par d) and, hence, BOCES was obligated to turn over a copy of it at the nominal cost of copying. BOCES now appeals from the judgment entered on that determination. We hold that the NIS report, and the purpose of such report, do not come within the purview of former section 88 (subd 1, par d) of the Public Officers Law, BOCES, in preparing and distributing the NIS report, was engaged in the performance of a service for its subscribers, the various school districts, each paying in return for this service its proportionate share of the cost. Under these circumstances, the sought after report not coming within the ambit of any of the appropriate sections of the Freedom of Information Law, the judgment must be reversed and the proceeding dismissed. Mollen, P. J., Latham, Suozzi, Gulotta and Cohalan, JJ., concur.